**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000516
31-JUL-2013
07:47 AM**

NO. CAAP-12-0000516

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MARY JO FRYE,
Plaintiff-Appellee,
v.
JAY F. REYES,
Defendant-Appellant,

HEIRS OR ASSIGNS OF W.L. PULELOA(K), ET AL,
Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 07-1-0455(1))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)


Pro Se Defendant-Appellant Jay F. Reyes (Reyes) appeals
from the "Final Judgment In Favor Of Plaintiff Mary Jo Frye"
(Final Judgment) entered April 26, 2012 in the Circuit Court of
the Second Circuit[1] (circuit court). The circuit court entered
the Final Judgment consistent with the "Order Granting
Plaintiff's Motion For Summary Judgment" entered November 14,
2011, and decreed Plaintiff-Appellee Mary Jo Frye (Frye) to be
the sole and exclusive owner of a contested parcel of land.

---

[1]    The Honorable Rhonda I.L. Loo presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Frye's appeal is without merit.

The circuit court granted summary judgment against Reyes on the basis of collateral estoppel.

Collateral estoppel, "applies to a subsequent suit between the parties or their privies on a *different* cause of action and prevents the parties or their privies from relitigating *any issue* that was actually litigated and finally decided in the earlier action." Omerod v. Heirs of Kaheananui, 116 Hawai'i 239, 264, 172 P.3d 983, 1008 (2007) (quoting Dorrance v. Lee, 90 Hawai'i 143, 148, 976 P.2d 904, 909 (1999)).

> [T]he doctrine of collateral estoppel bars relitigation of an issue where: (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication.

Dorrance, 90 Hawai'i at 149, 976 P.2d at 910. This four-part test provides guidance to ensure that the purpose of the doctrine, to promote judicial economy and consistency, does not interfere with a party's opportunity to fully litigate his claims. See Isobe v. Sakatani, 127 Hawai'i 368, 376-77, 279 P.3d 33, 41-42 (App. 2012).

As to the first element in the collateral estoppel test, the issue decided in Hartley v. Heirs of Aki, a civil action under Civil No. 07-1-0456, is identical to the issue presented in this case. Hartley, was a quiet title action for land situated on Apana 1 and Apana 2. Reyes, a party in that case as well, raised the issue of whether the heirs of W.L. Puleloa, including himself, held any interest in Apana 1 and Apana 2. The circuit court made, in part, the following Findings of Fact:

59.    The Puleloa Defendants failed to prove that they own any interest in those portions of Apana 1 and/or Apana 2 that are contained within TMK Parcel No. (2) 2-2-05-03.

60.    The Puleloa Defendants did not prove by a preponderance of the evidence the genealogy, paper title, or intestate succession necessary to establish the interest they claim in those portions of Apana 1 and/or Apana 2 that are contained within TMK Parcel No. (2) 2-2-05-03 and are the subject of this litigation.

. . .

69.    None of the heirs of W.L. Puleloa used Apana 1 or Apana 2 after 1938.

70.    None of the heirs of W.L. Puleloa paid real property taxes on Apana 1 or Apana 2 after 1938.

71.    None of the heirs of W.L. Puleloa made a deed to Apana 1 or Apana 2 after 1938.

72.    None of the heirs of W.L. Puleloa had a probate proceeding in which Apana 1 or Apana 2 were listed in the inventory after 1938.

. . .

74.    Kaonoulu Ranch and other predecessors in title to Plaintiff Joseph Wayman Hartley III had no reason to know that any heirs of W.L. Puleloa or Alana claimed to own any interest in Apana 1 or Apana 2.

The circuit court found that neither Reyes, nor any other heir of W.L. Puleloa, held any interest in Apana 1 or Apana 2.

In this case, Reyes once again asks the circuit court to determine whether Reyes or any other heir of W.L. Puleloa holds any interest in land situated within Apana 2.  The circuit court in Hartley rendered a decision on this identical issue of ownership interest of Apana 2.  Therefore, the first element of the collateral estoppel test is satisfied.

As to second element of the collateral estoppel test, the Final Hartley Judgment entered November 10, 2010 in the circuit court qualifies as a final judgment on the merits of all claims in the case.  Since Reyes did not appeal the Hartley Judgment, the decision was final as to Reyes.

As to the third element of the collateral estoppel test, the issue of ownership rights adjudicated in Hartley was essential to the final judgment in that case.  The Hartley

3

Judgment decreed Hartley to be the "sole and exclusive owner of . . . portions of . . . Apana 1 and Apana 2." The decision in Hartley was rendered after evaluating claims of interest in Apana 2 asserted by Reyes and heirs of W.L. Puleloa.

The fourth and final element of the collateral estoppel test is satisfied in that Reyes was a party in Hartley. Exotics Hawaii-Kona, Inc. v. E.I. Dupont De Nemours & Co., 104 Hawai'i 358, 365-66, 90 P.3d 250, 257-58 (2004).

Given that the collateral estoppel test was satisfied in this case, the circuit court did not err in granting summary judgment.

Therefore,

IT IS HEREBY ORDERED that the "Final Judgment In Favor Of Plaintiff Mary Jo Frye" entered April 26, 2012 in the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, July 31, 2013.

On the briefs:

Jay F. Reyes
Defendant-Appellant pro se.

Michael W. Gibson
(Ashford and Wriston)
for Plaintiff Appellee Mary Jo
Frye.

Chief Judge

Associate Judge

Associate Judge